UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CARLOS MARTIN ESTRADA VEGA,

                           Plaintiff,

          -against-

GATEWAY BANK F.S.B.,

                         Defendant.
------------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK

3/31/2026 8:07 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
24-cv-08000 (JMA) (JMW)

**AZRACK, United States District Judge:**

Pro se Plaintiff Carlos Martin Estrada Vega brings this action against Defendant Gateway Bank F.S.B., from whom Plaintiff obtained a $512,000 mortgage on a property in Jamaica, New York. (ECF No. 1-1 ("Compl.") ¶¶ 2–3.) The Complaint alleges that Defendant violated Section 33 of the National Bank Act of 1863 by not countersigning the note associated with the mortgage, thus creating a bona fide dispute concerning the mortgage. (Id. ¶¶ 4–7; id. Ex. B.) Plaintiff claims that he settled this dispute by tendering to Defendant $3,198.60 via money orders labeled "paid in full satisfaction," and that Defendant's decision to cash these money orders extinguished the original mortgage agreement under the doctrine of accord and satisfaction. (Id. ¶¶ 9–14.) Plaintiff alleges that Defendant now owes him $15,993.00 in contract damages for wrongfully accepting Plaintiff's continued mortgage payments after the alleged accord and satisfaction. (Id. ¶ 18.) Plaintiff also claims that Defendant owes a $1,024,000 penalty for his violation of the National Bank Act of 1863. (Id.)

Presently before the Court is Defendant's motion to dismiss, (ECF No. 26); Magistrate Judge James Wicks' Report and Recommendation ("R&R") on the motion to dismiss, which recommends that the motion be granted and that Plaintiff's complaint be dismissed with prejudice,

1

(ECF No. 38); and Plaintiff's objections to the R&R, (ECF No. 39 ("Objections")).  As explained below, the Court adopts the R&R in full and grants Defendant's motion to dismiss.

## I.      LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).  When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made.  See Fed. R. Civ. P. 72(b)(3); Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), aff'd, 578 F. App'x 51 (2d Cir. 2014).  But where "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error."  See Washington v. Gilman Mgmt. Corp., 2023 WL 6211022, at *3 (E.D.N.Y. Sept. 25, 2023); see also Thomas v. City of N.Y., 2019 WL 3491486, at *4 (E.D.N.Y. Jul. 31, 2019) (same).  Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## II.      DISCUSSION

Plaintiff objects to various portions of the R&R.  After conducting a de novo review of the full record and applicable law, the Court adopts Judge Wicks's recommendations in full.

## A. Standing

Judge Wicks concluded that Plaintiff lacks standing to sue over Defendants' acceptance of his mortgage payments because Plaintiff's decision to continue paying his mortgage after he had already tendered "payment in full" constitutes a self-inflicted injury.  (R&R at 8 (citing Castro v. NewRez LLC, No. 22-cv-6340, 2024 WL 4242138, at *5 (E.D.N.Y. Sept. 19, 2024)).)

2

Plaintiff objects, arguing in two sentences that he "continued payments under economic duress to avoid foreclosure" and that he is not required to risk foreclosure to preserve standing. (Objections at 2.)  In support of this position, Plaintiff cites three out-of-circuit cases, two of which do not exist.  The one that does exist is irrelevant; it deals with a lender's ability under Louisiana state law to collect fees from a debtor at various stages of Chapter 13 bankruptcy proceedings.  See In re Jones, 366 B.R. 584 (Bankr. E.D. La. 2007).

Given the conclusory and unsupported nature of Plaintiff's objection, reviewing Judge Wicks's R&R on this issue only for clear error would be appropriate.  In any event, even if de novo review applies, the Court agrees with Judge Wicks and overrules Plaintiff's objection.  As Judge Wicks explained, and as discussed further infra, Plaintiff had no legal foundation for his belief that Defendant's acceptance of $3,198.60 in money orders labeled "in full satisfaction" constituted accord and satisfaction of Plaintiff's $512,000.00 mortgage.  (See R&R at 2–3, 20–23.)  Despite his erroneous belief, Plaintiff continued performing his obligations under the mortgage agreement.  Defendant's acceptance of Plaintiff's continued payments toward his mortgage is the basis for Plaintiff's breach of contract claim.  Accordingly, Judge Wicks correctly concluded that Plaintiff lacks standing because he has not alleged any conduct by the Defendant that caused him injury.  See Union Cosm. Castle, Inc. v. Amorepacific Cosms. USA, Inc., 454 F. Supp. 2d 62, 71 (E.D.N.Y. 2006) ("A plaintiff cannot establish Article III standing to pursue a cause of action where that plaintiff is the primary cause of its own alleged injury.").

Accordingly, the Court dismisses Plaintiff's claims for lack of subject matter jurisdiction.

## B.  Failure to State a Claim

As an alternative basis for granting Defendant's motion to dismiss, Judge Wicks concluded that Plaintiff failed to state a claim for which relief can be granted, for two reasons.  First, Judge Wicks determined that Plaintiff's claims are barred by the doctrine of judicial estoppel because

Plaintiff failed to disclose his claim against Defendant as an asset to the Bankruptcy Court during his Chapter 7 proceeding.  (See R&R at 16–20).  Second, Judge Wicks determined that Plaintiff failed to plausibly allege that Defendant's acceptance of the money orders constituted accord and satisfaction of the mortgage agreement.  (See R&R at 20–23.)  This Court agrees on both counts.

### 1. Judicial Estoppel

First, the Court agrees with Judge Wicks that judicial estoppel bars Plaintiff from proceeding with his claim for $1,039,993 after Plaintiff failed to disclose this pending claim to the Bankruptcy Court.

 Plaintiff objects to Judge Wicks's judicial estoppel recommendation by arguing that his nondisclosure to the Bankruptcy Court was inadvertent and can be cured by reopening the bankruptcy proceedings.  (See Objections at 3 (citing Slater v. United States Steel Corp., 871 F.3d 1174, 1186 (11th Cir. 2017)).)  However, Plaintiff does not dispute that he filed for bankruptcy on July 23, 2024, well after he notified Defendant of the alleged bona fide dispute and paid the money orders in alleged satisfaction of his mortgage.  (See R&R at 18–19; Objections at 3.)  Plaintiff also does not dispute that he filed the instant lawsuit while his bankruptcy proceedings were still ongoing yet never notified the Bankruptcy Court of his claim for damages.  Nor does he dispute that he was subsequently granted discharge by the Bankruptcy Court.  (See R&R at 3; Objections at 3.)

The Court agrees with Judge Wicks that judicial estoppel bars Plaintiff from proceeding with his claim for $1,039,993 after failing to disclose this pending claim to the Bankruptcy Court. See Ashmore v. CGI Grp., Inc., 923 F.3d 260, 272 (2d Cir. 2019) ("[J]udicial estoppel will prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy.").  Plaintiff had the opportunity to notify the Bankruptcy Court of the instant claim, but chose not to.  Plaintiff does not argue that he was unaware of the requirement

that he disclose pending legal claims to the Bankruptcy Court.  Cf. Slater, 871 F.3d at 1186 (holding that a district court must consider the possibility of inadvertent nondisclosure because "[i]t is not difficult to imagine that some debtors, particularly those proceeding pro se, may not realize that a pending lawsuit qualifies as a 'contingent and unliquidated claim' that must be disclosed on a schedule of assets").  Instead, Plaintiff argues that he "did not knowingly possess a ripe, enforceable claim of the nature now asserted."  (Objections at 3.)  This claim is belied by the fact that he filed the instant lawsuit while his bankruptcy petition was still pending.  (See R&R at 3.)

Additionally, the Court is not persuaded that the possibility of reopening Plaintiff's bankruptcy proceedings precludes dismissal on judicial estoppel grounds.  Indeed, the cases Plaintiff cites in his objections support the opposite conclusion.  (See Objections at 3 (citing Eastman v. Union Pac. R. Co., 493 F.3d 1151 (10th Cir. 2007); Parker v. Wendy's Int'l, Inc., 365 F.3d 1268 (11th Cir. 2004)).)  In Eastman, the Tenth Circuit affirmed the district court's dismissal of the plaintiff's personal injury lawsuit on judicial estoppel grounds when plaintiff failed to disclose the pending lawsuit to the Bankruptcy Court.  See Eastman, 493 F.3d at 1158.  The court reached this conclusion despite the plaintiff's claim that his nondisclosure was inadvertent and despite the fact that the plaintiff's bankruptcy case had already been reopened, his omission cured, and his discharge vacated.  Id. at 1159–60.  Meanwhile, in Parker, the Eleventh Circuit held that judicial estoppel did not bar a bankruptcy trustee's motion to intervene in a discrimination suit brought by a debtor who failed to disclose the lawsuit to the Bankruptcy Court, reasoning that the trustee had "never abandoned [the] discrimination claim and he never took an inconsistent position under oath with regard to this claim."  Parker, 365 F.3d at 1272.  The Parker court acknowledged in dicta that the debtor could still be judicially estopped from recovering damages, even though the bankruptcy proceedings had already been reopened.  See id. at 1270, 1273 n.4.  Moreover, the

rationale behind allowing plaintiff to reopen his bankruptcy proceeding would be to avoid allowing his nondisclosure to prejudice his creditors.  See In re Arana, 456 B.R. 161, 171 (Bankr. E.D.N.Y. 2011).  This rationale has no sway in this case, where plaintiff's claim for damages is wholly without merit.

### 2. Accord and Satisfaction

Second, the Court agrees with and adopts Judge Wicks's well-reasoned recommendation regarding the merits of Plaintiff's accord and satisfaction claim.

Judge Wicks explained that "an accord and satisfaction consists of a bona fide dispute, an agreement to settle that dispute, and performance of that agreement."  (R&R at 21 (quoting Avocent Redmond Corp. v. Raritan Americas, Inc., No. 10-cv-6100, 2012 WL 3114855, at *11 (S.D.N.Y. July 31, 2012)).)  Judge Wicks concluded that Defendant's alleged violation of the National Bank Act of 1863 does not create a bona fide dispute with respect to the mortgage because that statute was repealed in 1864.  (See R&R at 22).  Judge Wicks further noted that Plaintiff "fails to allege the existence of a prior agreement wherein Defendant contracted that its acceptance of Plaintiff's money orders sent on June 17, 2024 served to satisfy or settle any bona fide dispute between the parties."  (R&R at 22.)  Accordingly, Judge Wicks concluded that Plaintiff fails, in multiple ways, to state a claim for accord and satisfaction.

Plaintiff offers a conclusory "clarification" rather than an "objection" regarding his accord and satisfaction claim.  (See Objections at 4 (arguing that Plaintiff "does not rely on repealed statutory authority or endorsement-based settlement theories," but rather on "procedural, equitable, and due-process grounds").)  Again, given the conclusory and unsupported nature of Plaintiff's objection, reviewing this Judge Wicks's R&R on this issue only for clear error would be appropriate.  In any event, even if de novo review applies, the Court agrees with Judge Wicks and overrules Plaintiff's objection.

The cases Plaintiff cites are irrelevant to Judge Wicks's conclusion that accord and satisfaction does not apply in this case. (See id. (citing Merrill Lynch Realty/Carll Burr, Inc. v. Skinner, 63 N.Y.2d 590 (1984) (holding that "when the seller simply returns the buyer's down payment, acceptance of the check should not be considered an accord and satisfaction"); Horn Waterproofing Corp. v. Bushwick Iron & Steel Co., 66 N.Y.2d 321 (1985) (concluding that Uniform Commercial Code § 1-207 superseded the common law doctrine of accord and satisfaction in cases where a party notes that its acceptance of the other party's payment is "under protest").).

## C. Dismissal Without Leave to Amend

The Court notes that while the R&R recommends that Defendant's motion to dismiss be granted with prejudice, (R&R at 23), where the Court lacks jurisdiction over Plaintiff's claims, dismissal must be "without prejudice rather than with prejudice." Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1074 (2d Cir. 2021) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016)). The Court therefore construes the R&R as recommending that Plaintiff's claims be dismissed without prejudice and without leave to amend. See Harty v. W. Point Realty, Inc., 28 F.4th 435, 445 (2d Cir. 2022) (affirming such a dismissal for lack of subject matter jurisdiction and explaining how a dismissal without leave to amend differs from a dismissal with prejudice).

Plaintiff did not request leave to amend in his opposition brief, (see ECF No. 27), despite being on notice of the deficiencies for which the R&R recommended dismissal, (see, e.g., ECF No. 26 at 8–10 (arguing that "Vega cannot manufacture a nonsensical, self-inflicted 'injury' by continuing to make mortgage payments he contends he did not have to make").) That Plaintiff could have sought, but did not seek, leave to amend precludes him from arguing for it now. See Hu v. City of New York, 927 F.3d 81, 107 (2d Cir. 2019) (affirming denial of leave to amend

7

because amendment was not properly requested); Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) (same); Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 190 (E.D.N.Y. 2022); United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 51–52 (E.D.N.Y. 2015).

The Court also denies leave to amend on the ground that any amendment would be futile. Plaintiff lacks standing and, for the reasons identified by Judge Wicks, his claims are also patently meritless. There is nothing in the record to suggest that an amended pleading could possibly cure these flaws in Plaintiff's claims.

Accordingly, the Court agrees with the R&R's conclusion that leave to amend should not be granted.

### III.    CONCLUSION

The Court agrees with Judge Wicks's analysis and adopts the recommendations set forth in the thorough and well-reasoned R&R. Accordingly, the Complaint is dismissed without prejudice and without leave to amend. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:    March 31, 2026
          Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
